# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Tammy Pusser,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Job Service North Dakota,<br><br>　　　　Defendant. | **ORDER OF DISMISSAL**<br><br>Case No. 1:17-cv-063 |

　　　　Plaintiff initiated the above-entitled action *pro se by* complaint on April 3, 2017. She filed her consent to the undersigned's exercise of jurisdiction over this matter on April 17, 2017. (Docket No. 6). What follows is the undersigned's pre-service review of her complaint pursuant to 28 U.S.C. § 1915(e)(2)

## I.　BACKGROUND

　　　　Plaintiff, proceeding *pro se* and *in forma pauperis*, is seeking judicial review of the decision by Job Service North Dakota to deny her application for unemployment benefits. She asserts:

> I was denied benefits on 01/09/2017. I filed a request for an appeal hearing by phone. The hearing was scheduled for 02/02/2017 between 8am and 10am. I confirmed by calling 1-800-351-9098. I never received the call so [I] contacted them by 10:15 a.m. to see why [I] was contacted. The receptionist advised me to request a bureau review. I explained that [I] had confirmed my hearing and spoke with my instructor to have permission to have my phone in class so [I] won't miss the call. I was denied because the reason for failing to participate in the Appeal Hearing was considered to not be with good cause. I have attached these documents.
>
> I was scheduled for an appeal hearing on 02/16/2017 and was denied benefits due to being a full time student and not available for work, I requested a bureau review and was denied . . . .
>
> 　　　　　　　　　　　　　　　* * *
>
> I . . . request the Court to review the decision of Job Services.

1

(Docket No. 5).

## II.   DISCUSSION

### A.   Standard of Review

28 U.S.C. § 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996); see also Fed. R. Civ. P. 8(a)(2) (requiring that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (directing that *pro se* complaints be liberally construed but with the caveat that courts "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

### B.   Jurisdictional Issues

Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Consequently, this court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332.  And it is incumbent upon the plaintiff

2

to establish the existence of federal jurisdiction.  Id., see also McCracken v. Conoco Phillips Co., 335 F. App'x 161, 162–163 (3d Cir. 2009).

Here, plaintiff has failed to identify any federal statute or Constitutional right allegedly violated by defendants. Even if plaintiff's complaint could somehow be construed to raise a claim under the Civil Rights Act, 42 U.S.C. § 1983, it lacks any factual allegations suggesting what constitutional right was allegedly violated.  To state a cognizable claim under § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997).  Even under liberal pleading standards, a *pro se* litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim.  Walker v. Reed, 104 F.3d  at 157-58 Plaintiff has failed to do so here and thus has not established that this court has subject matter jurisdiction under 28 U.S.C. § 1331.

In addition, based on the allegations in the complaint, it does not appear that the amount in controversy comes anywhere close to meeting the requisite amount in controversy.  Thus, plaintiff cannot establish subject matter jurisdiction under 28 U.S.C. § 1332.

### III.    CONCLUSION

Plaintiff is looking to this court to review an agency decision regarding her entitlement to employment benefits. This court does not have the power to intervene in unemployment compensation proceedings conducted by a state agency. If plaintiff is dissatisfied with defendant's determination, she should avail herself to the remedies and or appeals available through the appropriate North Dakota agencies and/or courts. Accordingly, the above-entitled action is

**DISMISSED** without prejudice for lack of jurisdiction.

Dated this 19th day of April, 2017.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court